```
               UNITED STATES DISTRICT COURT
                        FOR THE
                   DISTRICT OF VERMONT
```

Robert E. Zorn and             :
similarly situated             :
persons,                       :
        Plaintiffs,            :
                               :
     v.                        :        File No. 1:07-CV-74
                               :
State of Vermont, *et al.*,    :
        Defendants.            :

OPINION AND ORDER
(Papers 5 and 8)

Plaintiff Robert Zorn seeks reconsideration of this Court's denial of his motion for leave to file a complaint. Citing Zorn's history of filing "meritless and resource-consuming claims," the Court has barred him from filing suit without receiving such prior permission. See Zorn v. Brown, File No. 1:05-CV-297 (Paper 50). Also pending is Zorn's motion for leave to file an interlocutory appeal.

Zorn's proposed complaint alleges wrongdoing by the Town of Middletown Springs, Vermont. The Town's wrongdoing allegedly included the failure to present Zorn's public petition at the annual Town meeting. The complaint also accuses a Town official of slander, and suggests that the voting process at the annual town meeting was rigged. Finally, the complaint revisits issues that have been dismissed by this Court in prior cases, including allegations of trespass by a neighbor, as well as claims related to a bite Zorn received from a dog. Zorn seeks to bring his action on

behalf of himself and "similarly situated citizens."

Upon reconsideration, the Court affirms its prior order denying the motion for leave to file.  A municipality's discretion over which issues are presented at town meeting is fundamentally a matter of state law.  See, e.g., Clift v. City of South Burlington, 2007 VT 3, ¶ 6, 917 A.2d 483.  Similarly, this Court has no jurisdiction over a common law slander claim.  To the extent that Zorn is asserting claims under various federal constitutional amendments, those claims are frivolous.  Moreover, it is well settled that a *pro se* party cannot bring a class action suit.  Phillips v. Tobin, 548 F.2d 408 (2d Cir. 1976).

Accordingly, the motion for reconsideration (Paper 5) is GRANTED, and the Court's prior order is AFFIRMED.  Because this case is now closed, Zorn's motion for leave to file an interlocutory appeal (Paper 8) is DENIED as moot.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 1st day of August, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge